## NATIONAL LABOR RELATIONS BOARD v. BUZZA-CARDOZO.

### No. 13486.

United States Court of Appeals
Ninth Circuit.

July 15, 1953.

Rehearing Denied Aug. 6, 1953.

George J. Bott, Gen. Counsel, David P. Findling, Assoc. Gen. Counsel, A. Norman Somers, Asst. General Counsel, Bernard Dunau and Abraham Siegel, Washington, D. C. (Fredrick Reel, Washington, D. C., argued), for petitioner.

Hill, Farrer & Burrill, Carl M. Gould, Los Angeles, Cal. (Ray L. Johnson, Jr., Los Angeles, Cal., argued), for respondent.

Before MATHEWS, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

The National Labor Relations Board petitions for enforcement of its order requiring reinstatement of a group of 11 employees found to have been discriminatorily discharged by respondent.

Respondent is engaged in the manufacture and sale of greeting cards. In the au-

tumn of 1950 it instituted a bonus-incentive wage plan. This plan was not satisfactory to the employees in its silk-screen department, and on January 17, 1951, these employees met with the management and demanded a wage increase. When the demand was refused they informed the management that they would stay away from work the next day, and the next day 11 of the employees in that department did not report for work. Those not reporting were immediately discharged and were so informed. Subsequently others were hired in their stead.

The Board found that in discharging the employees the respondent had violated § 8 (a)(1) and (3) of the Act, 29 U.S.C.A. § 158(a)(1, 3). As respects the § 8(a)(1) violation, it was found that the strike was an economic strike, that the employees had engaged in concerted activities for their mutual aid and protection and that in discharging them respondent had interfered with the employees in the exercise of their right to engage in such concerted activities. The finding with respect to a violation of § 8(a) (3) will be touched on later.

■ Respondent, relying on N.L.R.B. v. Brashear Freight Lines, 8 Cir., 119 F.2d 379, contends that the concerted activity was a wildcat strike and as such unprotected. That case, however, is authority for no more than the proposition that the employees who struck did so at the risk of having their places filled with new employees during the pendency of the strike. There is a difference between an employer's duty not to discharge employees for striking and his right to deny reinstatement to economic strikers whose jobs he has filled during the course of the strike in order to continue his operations. This distinction is made clear in N.L.R.B. v. Globe Wireless, 9 Cir., 193 F.2d 748, which decision we regard as controlling here.

■ Equally without merit is the claim that the strike was unprotected activity because it was a partial strike. This was an announced one-day strike to gain declared ends and was within the protection of the Act, N.L.R.B. v. Kennametal, 3 Cir., 182 F. 2d 817, 19 A.L.R.2d 562; N.L.R.B. v. J. I. Case Co., 8 Cir., 198 F.2d 919. Respondent further contends that the employees were discharged for cause, but the claim is an obvious afterthought and is predicated on wholly inadequate grounds.

A further point, not argued before the Board, provides whatever difficulty there may be in the case. It appears that some three months prior to the strike most of the employees in the silk-screen department had designated the AFL Sign and Pictorial Painters Union as their bargaining representative and that union had filed with the Board a petition for certification as representative of those employees. The petition was not acted upon, and after the one-day strike it was withdrawn and the charges of unfair practices here made were filed. The argument predicated on these circumstances runs somewhat as follows: The striking employees, by their concerted activity, constituted themselves a labor organization, and respondent was thus faced with conflicting claims for recognition, one by the AFL union and the other by the striking group. A question of representation, it is said, existed, and therefore if the employer had granted the wage increase he would have committed an unfair practice inasmuch as an employer is prohibited from giving recognition to one labor organization to the exclusion of another where a question of representation exists. Therefore, it is argued, the purpose of the strike was illegal and the activity unprotected. The argument is bottomed on the Midwest Piping & Supply Company case, 63 N.L.R.B. 1060, discussed by this court in N.L.R.B. v. Flotill Products, 9 Cir., 180 F.2d 441.

■ As above noted, this argument was not advanced while the matter was before the Board, the objection there presented being that the concerted activity was unprotected because it amounted to a wildcat strike. Section 10(e) of the Act, 29 U.S.C. A. § 160(e), prohibits the court under ordinary circumstances from considering objections not urged before the Board. Cf. N.L. R.B. v. Pinkerton's Nat. Detective Agency, 9 Cir., 202 F.2d 230; N.L.R.B. v. Pappas & Co., 9 Cir., 203 F.2d 569. However, we shall briefly notice the point.

■ The situation before us does not resemble the Midwest Piping case or other

cases of similar import. The contention that the striking employees constituted a labor organization is farfetched. The strikers did not seek representation. All they wanted was a raise in pay. We assume that petitioner was not obliged to treat with them, and for present purposes we may assume that it might have been improper to grant them a wage increase. But it does not follow that respondent had the right to consign them to the category of outlaws and so discharge them, nor does it claim that it was obliged to discharge them in order to keep its skirts clear of unfair labor practice charges. As already said, it could legitimately have filled their places during the course of the strike in order to continue operations, but it chose instead to discharge them instanter and to fill their places at a later time and after they had undertaken to return to work pursuant to their declared purpose of going out for a single day. See N.L.R.B. v. Globe Wireless, supra.

We accordingly agree that by its conduct the respondent violated § 8(a)(1) of the Act. We are unable to go along with the Board's finding that there was a violation of § 8(a)(3).

With this exception the prayer of the Board's petition is granted and a decree will be entered enforcing its order.